26074. ELLIS *et al.,* executors, *v.* WILLIAMS *et al.*

DECIDED JULY 14, 1937.

*William Wallace Bruce, R. R. Jackson,* for plaintiffs.
*Reynolds & Brandon,* for defendants.
FELTON, J. 1. The purpose of the small-loan act of 1920 (Ga.

L. 1920, p. 215, sections 1, 17, 18; Code, §§ 25-301, 25-317, 25-9902), was to regulate the business of making small loans. The penalties provided thereby were designed to punish those who engaged in making small loans "as a business," and who did not comply with all the provisions of the act after having obtained a license, or those who engaged in business without a license. It necessarily follows that §§ 25-301 and 25-317 must be construed together, and that the words "person, partnership, or corporation," as they appear in § 25-317, mean "person, partnership, or corporation engaged in the business of making loans of money, credit, goods, or things in action, in the amount or to the value of $300 or less." Any other construction would result in penalties against persons not engaged in the small-loan business, and against whom other penalties are otherwise provided by law.

2. A petition in a suit to collect only the principal of a note for $300, which provides for interest at the rate of three and one half per cent. per month, is good as against general demurrer where it does not affirmatively appear that the plaintiff was engaged in the small-loan business. The Code, § 57-101, declares that it shall not be lawful to reserve, charge, or take any rate of interest greater than eight per cent. per annum for any loan or advance of money; and in § 57-112, it is declared that any person, company, or corporation violating the provisions of § 57-101 shall forfeit the entire interest so charged or taken, and that no further forfeiture shall be occasioned, suffered, or allowed. This is the general law of this State with reference to usury, and is applicable to the note sued on, as disclosed by the petition. It was error to sustain the general demurrer.

*Judgment reversed. Sutton, J., concurs.*

STEPHENS, P. J., dissenting. Section 25-301 of the Code, which is a codification of section 1 of the small-loan act of 1920, declares: "No person, partnership, or corporation shall engage in the business of making loans of money . . in the amount or to the value of $300 or less, and charge, contract for, or receive a greater rate of interest than eight per centum per annum therefor, except as authorized by this chapter [meaning the act], and without first obtaining a license from the superintendent of banks." Section 13 of the small-loan act of 1920 (Ga. L. 1920, pp. 215, 218) declares: "Every person, copartnership, and corporation licensed

hereunder may loan any sum of money not exceeding in amount the sum of $300, and may charge, contract for, and receive thereon interest at a rate not to exceed three and one half per centum per month." By an amendment in an act of 1935 (Ga. L. 1935, p. 394), the rate of interest provided for by this section was limited to one and one half per cent. per month. The act authorizes only a person, partnership, or corporation which has taken out a license to engage in the business of making small loans as provided in the act, and to make loans at rates of interest otherwise prohibited, but which are authorized by the act. It is clearly within the purview of an act which authorizes the making of such otherwise prohibited loans, and regulates the business of making such loans, to penalize, not only any one engaged in such business without having taken out the required license to engage in the business under the provisions of the act, but any one who, by any isolated or single transaction, without being engaged in the business, charges interest or makes any contract for the charge of interest for the loan of money at rates of interest permitted by the small-loan act only to licensees doing business under the act. Code § 25-317, which is a codification of section 17 of the small-loan act of 1920, declares: "No person, partnership, or corporation, except as authorized by this act, shall directly or indirectly charge, contract for, or receive any interest or consideration greater than eight (8) per centum per annum upon the loan, use, or forbearance of money, . . of the amount or value of $300 or less." This section, by its terms, does not expressly impose a prohibition on any person, partnership, or corporation engaged in the *business* of making small loans. It declares that, except as authorized by the act, "no person, partnership, or corporation shall directly or indirectly charge, contract for," etc. Since it is clearly within the purview of the act, as one regulatory of the business of making small loans at otherwise prohibitory rates of interest by persons, partnerships, or corporations licensed and authorized to do business under the act, that single or isolated instances by which loans are made at rates of interest permitted only by the act be prohibited and penalized, this section, which fails to impose any prohibition expressly on persons, partnerships, or corporations engaged in the business of making loans at rates of interest permitted by the act, but which provides that, except as authorized by the

act, "no person, partnership, or corporation shall," etc., is, when properly construed, a prohibition upon single and isolated instances in which any person, partnership, or corporation charges, or contracts for, interest on loans of $300 or less, at rates greater than eight per cent. Since a violation of this section of the small-loan act, as provided by section 18 of the act (Code, § 25-9902), constitutes a misdemeanor punishable by fine or imprisonment, any person, partnership, or corporation which is not a licensee to do business under the small-loan act, but which makes a loan of money in the amount of $300 or less, for which interest in excess of eight per cent. per annum, to wit, three and one half per cent. per month, is charged, is guilty of a crime in so doing, and the contract is void and unenforceable.

It being a condition to the legality of a contract for the loan of money in a sum of $300 or less, at a rate of interest in excess of eight per cent. per annum, to wit, three and one half per cent. per month, and to the right of the lender to enforce the contract in a suit at law, that the lender be licensed to do business for the loan of money under the small-loan act, it follows that where, in a suit for recovery of money in the sum of $300, alleged to have been loaned by the plaintiff to the defendant under a written contract wherein it is provided that the amount of the principal of the loan shall draw interest from the date of maturity of the loan at the rate of three and one half per cent. per month, notwithstanding the plaintiff sues only for the amount of the principal and does not sue for interest, it does not appear from the petition that the lender was a licensee to do business under the small-loan act, the petition fails to set out a cause of action. *Jobson* v. *Masters,* 32 *Ga. App.* 60 (122 S. E. 724). The court properly sustained the general demurrer.