27517.   CRADDOCK *et al. v.* WOODS.

DECIDED JULY 15, 1939.

*Matthews, Owens & Maddox,* for plaintiff in error.
*Lanham & Parker,* contra.

STEPHENS, P. J.   M. B. Woods sued E. A. Craddock and others in a justice's court on two notes. One was for $25.50 principal, dated August 7, 1937, payable on demand to the order of Rome Discount Company, signed by the defendant, E. A. Craddock, and others, as indorsers, and transferred as of September 7, 1937, by Rome Discount Company, by J. B. Bramlett, to M. B. Woods, the plaintiff.   The other was for $8.10, dated August 7, 1937, payable on demand to M. B. Woods, and signed by E. A. Craddock and others as makers.   There appears a credit of $2.80 on this latter note.   The defendants filed a plea in which they denied indebtedness.   The plea was as follows: "1st. That the transaction of making a loan of $25.50 to said defendants by said M. B. Woods, purportedly for Rome Discount Company, and the charging of a purported commission by said M. B. Woods for allegedly obtaining said loan, and the subsequent transfer and assignment of the note made by said defendants to secure said loan by said Rome Discount Company to said M. B. Woods, was a scheme and device to evade the statutes of the State of Georgia against usury.   2nd. That upon information, either M. B. Woods was the agent of said Rome Discount Company in charging an alleged commission of $8.10 for the making of said loan, and said Rome Discount Company received all or a portion of said alleged commission, or said Rome Discount Company was the agent of said M. B. Woods in making said loan, and all or a part of the money so lent by said Rome Discount Company to said defendants belonged to said M. B. Woods.   3rd. That in either event set forth in the foregoing second paragraph of this answer the charge of $8.10 by said M. B. Woods was not in fact a commission for making said loan, but was a charge for the use of the money, so lent as alleged.   4th. That a charge of $8.10 for the use of $25.50 from the date of said notes

sued upon in this action to the date of the filing of his suit is in excess of eight per cent. per annum, and said charge is usurious. 5th. That said defendants are not indebted to said M. B. Woods in the amount alleged in the summons issued in this case." A judgment was rendered for the plaintiff in the full amount sued for, and the defendants appealed to a jury in the justice's court.

On the trial before the jury the notes sued on were introduced in evidence. It appeared from the evidence that the notes were executed August 7, 1937, and "executed as a simultaneous transaction;" that $25 was advanced to the defendants by check of Rome Discount Company, that the fifty cents, which was included in the face of the note, represented interest charged on the $25 for a period of three months; that the consideration for the note of $8.10 was services rendered by the plaintiff in negotiating the loan, handling the collection, and securing this loan for the defendants. It also appeared from the evidence that Woods occupied an office in Rome at 331½ Broad Street; that all the loans he handled for Rome Discount Company were handled through that office; that he placed a sign there advertising Rome Discount Company; that he placed and paid for an advertisement in a newspaper in the name of Rome Discount Company at the same address as his office, announcing a new loan service, and also paid for and distributed circulars to the same effect; that at that office he had not loaned any money except money of Rome Discount Company; that it is not possible for any one to obtain a loan from Rome Discount Company except through him; that he drew the check for the money advanced on this particular loan; that the check was signed "Rome Discount Company, M. B. Woods;" that he was authorized to draw checks on the bank account which was carried in the name of Rome Discount Company; that collections on loans made by Rome Discount Company were deposited by him in the bank; that whenever default was made on any particular loan he always paid it and had the note transferred by Rome Discount Company to him; that he guaranteed the payment of all loans; that he paid Rome Discount Company $25.50 for one of the notes sued on in this case; that Rome Discount Company does not pay him any salary or anything for handling the loans; that he does not get any part of the interest charged; that the service note taken by him is the only note taken by him for his services; and that in 1937 he had a

business license issued to Rome Discount Company, and was not operating under a license issued to himself.

Certain documentary evidence offered by the defendants and excluded by the court tended to show that Woods was conducting the business as agent for Rome Discount Company. Among this evidence was an advertisement in a newspaper to the effect that men and women with steady incomes consisting of salaries, wages, commissions, bonuses, tips, or otherwise, could avail themselves of the new loan service, that Rome Discount Company would be more liberal with loans, and that every one who had a job would be getting more pay and better work in a few weeks and would be better qualified to borrow money. From the evidence there appeared to be a credit of $2.80 on the note for $8.10.

The jury found for the plaintiff $22.70, thus giving the defendants credit for $2.80 which had been paid on the smaller note. The defendants carried the case to the superior court on certiorari, and to a judgment overruling the certiorari they excepted.

It is contended by the defendants that Woods was the agent of Rome Discount Company, and that in making the loan he acted as agent for Rome Discount Company and not as agent for the defendants, and that therefore the note for $8.10, executed by the borrowers to Woods, was for the benefit of Rome Discount Company and could only represent interest contracted to be paid to this company, which interest was usurious. In his testimony Woods denied that he was agent of Rome Discount Company, but stated that he negotiated loans for his clients through Rome Discount Company. The evidence was sufficient to authorize the jury to find that Woods, in making the loan, did not act as agent for the borrowers but was the agent for Rome Discount Company; that Woods performed no service for the borrowers in procuring the loan but that the service was rendered by Rome Discount Company to the borrowers; and that the $8.10 was a charge made by Rome Discount Company over and above the principal amount of the loan. The jury evidently found for the defendants on the smaller note for $8.10, and credited on the larger note the $2.80 which had been paid on the smaller note, thus making $22.70, the amount of the verdict. It seems that the jury found for the plaintiff, $25 principal and fifty cents interest, represented by the large note, and reduced the finding by the credit of $2.80. The ver-

dict of the jury found for interest in the amount of fifty cents. This was a usurious charge, as will appear later in this opinion.

As was held by this court in *Ellis* v. *Williams,* 56 *Ga. App.* 181 (192 S. E. 491), a loan of money is not invalid in that the principal and interest both are not collectible, where more than eight per cent. per annum interest is charged, unless the lender is doing business under the small-loan act. Unless the evidence demanded a finding that the lender, Rome Discount Company, was doing business under the small-loan act, and that the transaction was invalid by reason of a charge of usurious interest, it does not appear that the verdict for the plaintiff was without evidence to support it and was contrary to law. There is no presumption that the plaintiff was doing business under the small-loan act. Being in the loan business and making one loan, as in the case now before the court, in a sum less than $300, which is the maximum authorized under the small-loan act, do not demand the inference that plaintiff was doing business under the small-loan act. The evidence contains nothing which would demand the inference that the plaintiff was doing business under the small-loan act. Since the verdict for the plaintiff must necessarily be predicated on the theory that the plaintiff, at the time of the transaction, was the agent of Rome Discount Company, and was not the agent of the defendants, it was harmless to the defendants to reject the evidence offered, consisting of the advertisement in the newspaper, etc., which tended only to prove that Woods, at the time of the transaction, was acting as agent for Rome Discount Company. Therefore the rejection of this evidence was not error harmful to the defendants.

The note for $25.50, which, as appears undisputed from the evidence, was executed for a loan of $25 principal and fifty cents interest, was executed August 7, 1937, and made payable on demand. It appears that suit on this note was instituted on September 21, 1937. The filing of the suit therefore operated as a demand for payment, and the note became due as of the date of the filing of the suit. The note therefore became due at the expiration of one month and eight days after the date of its execution, which was when the loan was made. It appears therefore, 'conclusively and without dispute, that Rome Discount Company in charging fifty cents as interest for the loan for the period of one

month and eight days charged interest in excess of eight per cent. per annum. This charge was usurious, and under the law was uncollectible. The verdict was excessive in the sum of fifty cents.

The evidence authorized the verdict in the sum found, $22.70, less fifty cents. The judgment overruling the certiorari is affirmed, but it is directed that fifty cents be written off the verdict.

*Judgment affirmed, with direction. Sutton, J., concurs.*

FELTON, J., dissenting. The evidence showed that Rome Discount Company was engaged in the business of making loans. It showed also that it made one loan of less than $300. Nothing else appearing, this evidence demanded a finding that it was engaged in the business of making large loans and small loans of $300 and less. The fact that it was engaged in the business of making small loans and that it charged more than the legal rate of interest precludes it and its assignees from collecting principal or interest, in the absence of proof that it was qualified to lend money under the small-loan act and complied with its provisions. In this case the jury found that it charged more than the small-loan act authorizes; and even if it were qualified under the act, it could not collect the debt or any part thereof, because of the excessive interest charge, under the finding of the jury. The same applies to its transferee. I think the judge erred in overruling the certiorari.